UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ROSENBLUM,<br><br>    Plaintiff,<br><br>   v.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CSFB MORTGAGE BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-7, et al.,<br><br>    Defendants. | Case No. 18-cv-06725-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

Plaintiff Frank Rosenblum seeks to quiet title and cancel a deed of trust and a trustee's deed related to a residential property in Woodside, California, to which he attained an interest through his wife, Jennifer Mae Rosenblum. Defendants move to dismiss because both state and federal courts have denied Ms. Rosenblum the relief Mr. Rosenblum now requests. Defendants argue, correctly, that Mr. Rosenblum is in privity with Ms. Rosenblum and that his claims are foreclosed under res judicata.[1] Mr. Rosenblum's amended complaint is dismissed with prejudice.

## BACKGROUND[2]

This action relates to the ownership the property located at 35 Echo Lane in Woodside, CA ("the Subject Property"). Amended Complaint ("FAC") at ¶ 7 [Dkt. No. 8]. It is necessary to understand the chain of title to the Subject Property and the history of the litigation surrounding it to understand whether res judicata applies.

---

[1] Pursuant to Civil Local Rule 7-1(b), I find this matter suitable for disposition without oral argument and vacate the hearing and case management conference both currently scheduled for March 6, 2019.

[2] I accept Mr. Rosenblum's allegations in the Amended Complaint as true for purposes of this motion.

**The Separation Litigation, the Lis Pendens, and Richard Hatfield's Deed of Trust**

Ms. Rosenblum, formerly known as Jennifer M. Moore, acquired her interest in the Subject Property from Richard Hatfield, with whom she was previously in a domestic relationship. *Id.* at ¶ ¶s 3, 8. They separated in 2001; Mr. Hatfield had record title to the Subject Property at the time of separation. Ms. Rosenblum then commenced litigation (the "Separation Litigation") to determine, among other matters, their respective ownership rights in the Subject Property, and recorded a lis pendens on the Subject Property in June 20, 2002. *Id.*, ¶ 9. In 2003, an order expunging the lis pendens was issued but never recorded.[3] *Rosenblum v. U.S. Bank, Nat'l Ass'n*, No. A143027, 2016 WL 1293999, at *1 (Cal. Ct. App. Apr. 1, 2016), as modified on denial of reh'g (Apr. 26, 2016) ("*Rosenblum II*"); *Rosenblum v. Mortg. Elec. Registration Sys., Inc.*, No. A146526, 2016 WL 5404370, at *1 (Cal. Ct. App. Sept. 28, 2016) ("*Rosenblum III*").

On February 2, 2004[4], Hatfield obtained a residential loan in the principal sum of $1,210,000 (the Subject Loan) that was secured by a deed of trust encumbering the Subject Property. Deed of Trust attached as Exhibit 3 to Request for Judicial Notice in Support of Motion to Dismiss First Amended Complaint by Defendants U.S. Bank, as Trustee and JPMorgan Chase Bank, N.A. ("RJN") [Dkt. No. 12-1]. The encumbrance of the Subject Loan is the heart of this matter.

Ms. Rosenblum initiated a *Marvin* action[5] against Hatfield, resulting in a bifurcated trial. The first phase, dealing with all issues other than the accounting and division of the jointly owned property, concluded in December 2005. *Id.* at ¶ 11. On January 22, 2007, the San Mateo County Superior Court issued a statement of decision determining that Ms. Rosenblum and Hatfield jointly owned all property acquired during the relationship, including the Subject Property. *Id.* Because the trial was bifurcated, the statement of decision did not include an accounting or

---

[3] Mr. Rosenblum failed to point this out, despite it being recognized by two state appellate courts whose opinions I take judicial notice of as described *infra*.

[4] Mr. Rosenblum states that Hatfield executed the deed of trust on February 27, 2004. Compl. at ¶ 10. The difference in date is immaterial and the deed of trust itself is dated February 2, 2004.

[5] A *Marvin* action is a suit between unmarried cohabitants to establish contractual rights to income and assets. *See Marvin v. Marvin* (1976) 18 Cal.3d 660.

allocation of their joint property. *Id.* at ¶ 12.

**Hatfield Declares Bankruptcy and the Lis Pendens Litigation**

On January 31, 2008, before the accounting and allocation of the joint property could be tried in the second phase of the *Marvin* action, Hatfield filed for Chapter 7 bankruptcy relief. *Id.* at ¶ 13. The bankruptcy proceeding automatically stayed the state court proceeding and Hatfield's interest in all of his non-exempt property (including the Subject Property) was transferred to his trustee. *Id.* at ¶ 14, 17.

On July 11, 2008, Hatfield's bankruptcy trustee filed an amended complaint in an adversary proceeding challenging, among other things, the validity of Ms. Rosenblum's lis pendens (the "Lis Pendens Litigation"). *Id.* at ¶ 16. Washington Mutual Bank ("WaMu")[6], listed as a party defendant, also contested the validity of the lis pendens. *Id.* Because of the stay in the *Marvin* case, the bankruptcy court treated both Hatfield's trustee and Ms. Rosenblum as each holding a contingent or inchoate one-half ownership of each item of their joint property and did not address how ownership of the Subject Property would be allocated. *Id.* at ¶¶ 18-20. On September 3, 2009, the bankruptcy court issued a memorandum decision and order determining that (i) the lis pendens was valid, (ii) Ms. Rosenblum's ownership interest to the Subject Property related back to June 20, 2002 when the lis pendens was recorded, and (iii) the deed of trust did not attach to her interest in the Subject Property, but did attach to the interest of Hatfield's bankruptcy trustee. *Id.* at ¶ 21.

**Ms. Rosenblum and Hatfield's Trustee Enter into a Settlement Agreement**

On March 1, 2010, Ms. Rosenblum and the bankruptcy trustee entered into a settlement agreement that provided for a final judgment in the adversarial proceeding, a sale to Ms. Rosenblum of the bankruptcy estate's interest in real and personal property, and entry of final judgment in the *Marvin* action that granted the estate's half interest in the Subject Property to her in partial satisfaction of her interest in the joint property. *Id.* at ¶ 23. Following notice to all creditors, the bankruptcy court held a hearing on the bankruptcy trustee's motion for approval of

---

[6] On February 26, 2018, WaMu filed Claim No. 5 in Hatfield's bankruptcy with itself as the creditor, alleging a balance due on the note secured by the Deed of Trust. *Id.* at ¶ 15.

the settlement and filed an order approving the settlement and authorizing the trustee to perform its terms was filed on March 31, 2010. *Id.* at ¶ 24. On May 3, 2010, the bankruptcy court entered the judgment in the adversarial proceeding. *Id.* at ¶ 25; Judgement Determining Validity, Priority, and Extent and Liens and Interests, Janina M. Elder, *Trustee in Bankruptcy of the Estate of Richard L Hatfield v. Sand Hill Road Venture Group, et al*, 08-cv-3072-TEC (Bankr. N.D. Cal. May 3, 2010) (the "Bankruptcy Judgment") attached as Exhibit 6 to RJN. Pursuant to the settlement agreement, the bankruptcy trustee recorded a deed conveying any interest of Hatfield's bankruptcy estate in the Subject Property to Ms. Rosenblum on July 28, 2010. *Id.* at ¶ 26.

**Assignment and Notice of Default and Sale**

On March 29, 2010, Mortgage Electronic Registration Systems, Inc. ("MERS") recorded an assignment of the beneficial ownership of the deed of trust to defendant U.S. Bank National Association, as Trustee, Successor in Interest to Wachovia Bank, N.A., for MALT 2004-1 ("MALT"). *Id.* at ¶ 27. MERS, as the apparent agent, did not identify the assignor of the deed of trust. *Id.* On May 7, 2011, WaMu's successor, JPMorgan Chase Bank, N.A. ("Chase"), filed a notice of change of address in Hatfield's bankruptcy, indicating that the former name of the creditor was "Chase Home Finance/Washington Mutual" and the new name of the creditor was "JPMorgan Chase Bank, N.A." *Id.* at ¶ 28. On August 1, 2011, MERS recorded an assignment of the beneficial ownership of the deed of trust to CSFB Mortgage Backed Pass-through Certificates, Series 2004-7 (herein "CSFB") and did not name the assignor. *Id.* at ¶ 29.

On December 18, 2017, a notice of default on the Subject Loan was recorded, reflecting the total balance due at $1,147,660.02. Notice of Default and Election to Sell Under Deed of Trust attached as Exhibit 19 to RJN [Dkt. No. 12-1]. On October 9, 2018, CSFB recorded a notice of sale purporting to sell the Subject Property pursuant to the deed of trust. Compl. at ¶ 38. The sale occurred on November 6, 2018. *Id.* On November 28, 2018, the trustee's deed naming U.S. Bank National Association as Trustee for CSFB Mortgage-Backed Pass-Through Certificates, Series 2004-7 was recorded, listing that the amount the grantee paid at $2,103,585.97 to acquire a 50% co-tenancy interest in the Subject Property. *Id.*; Trustee's Deed Upon Sale attached as Exhibit 20 to RJN [Dkt. No. 12-1].

4

**Mr. Rosenblum Takes an Interest in the Subject Property**

On October 2, 2010, Frank and Jennifer Rosenblum were married. *Id.* at ¶ 31. Ms. Rosenblum conveyed her interest in the Subject Property by grant deed to herself and Mr. Rosenblum on August 29, 2012. *Id.* at ¶ 32.

Mr. Rosenblum argues that the title granted by the judgment entered in February 2014 to Ms. Rosenblum, and therefore his title as well, relates back to the recording of her lis pendens on June 20, 2002, and that the chain of title begins on that date. *Id.* at ¶¶ 34-35. He also contends that the deed of trust, the trustee's deed, and all other conveyances of any interest by Hatfield, Hatfield's bankruptcy trustee, or any person claiming to convey title predicated on the deed of trust or the trustee's deed are void against the February 2014 judgment. *Id.* at ¶ 36. He states that the July 28, 2010 deed from Hatfield's bankruptcy trustee conveying the estate's interest in the Subject Property to Ms. Rosenblum is also void because it conveyed Hatfield's interest after the recording of the lis pendens when Hatfield had no interest to convey. *Id.*

By way of his complaint, Mr. Rosenblum seeks two things: (1) cancellation of the deed of trust and the trustee's deed and (2) quieting title on the Subject Property. *Id.* at ¶¶ 39-47.

**Request for Judicial Notice**

Defendants request that I take judicial notice of a number of recorded grant deeds, deeds of trust, notices of default, judicial statements of decision, orders, opinions, and judgments from state and federal courts. RJN. Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one not subject to reasonable dispute because it is either (1) "generally known within the trial court's territorial jurisdiction;" or (2) "can be adequately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(d). A court may "take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted).

I grant the request for judicial notice. I take judicial notice of Exhibits 1, 3-5, 9 and 19-20, as they are public records. *See e.g., W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county public record, including a

state court file and deeds of trust); *Valasquez v. Mortgage Elec. Registration Sys., Inc.*, No. 08-cv-3818-PJH, 2008 WL 4938162, at *2-3 (N.D. Cal. Nov. 17, 2008) (taking judicial notice of a deed of trust and notice of default). I take judicial notice of the existence of Exhibits 2, 6-8, 10-18, and 21 as they are court records. *See, e.g., Hunt v. Check Recovery Sys. Inc.*, 478 F. Supp. 2d 1157, 1160-61 (N.D. Cal. 2007) ("Judicial notice may be taken of 'adjudicative facts' such as court records, pleadings."). The requests for judicial notice of the state court's rulings are granted as to the existence of the opinions but not as to the truth of their contents. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

## LEGAL STANDARD

Under Federal Rule of Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## DISCUSSION

Defendants move to dismiss Mr. Rosenblum's amended complaint on the grounds that it is barred by res judicata from prior judgments against Ms. Rosenblum in one federal judgment, two state trial court judgments, and two state appellate court opinions affirming the trial courts'

6

judgments. Motion to Dismiss ("MTD") at 6 [Dkt. No. 12].[7] As there are both federal and state court judgments involved here, I must analyze defendants' res judicata arguments under both federal and California law.

I.   THE RELEVANT PRIOR RULINGS

The oldest ruling involves the Statement of Decision Re *Marvin* and Related Issues Prior to Accounting in which the state trial court judge held that Ms. Rosenblum and Hatfield must divide their assets, including the Subject Property, equally. *Moore v. Hatfield,* Nos. CIV 433 625, CIV 443 746, CIV 444 497, F 068 286 Consolidated at 5 (Cal Super. Ct. Jan. 22, 2007) (the "*Marvin* Decision") attached as Exhibit 2 to RJN [Dkt. No. 12-1]. The next is the judgment from the federal bankruptcy court issued in the adversary proceeding. The court incorporated the *Marvin* Decision, found that Hatfield's bankruptcy trustee held an undivided fifty percent share of the Subject Property, and determined that the deed of trust stemming from the Subject Loan did not encumber Ms. Rosenblum's interest in her fifty percent share of the Subject Property. Bankruptcy Judgment at 2-4.

The third ruling involved a lawsuit Ms. Rosenblum filed against MERS and U.S. Bank National Association, as Trustee for CSFB Mortgage Backed Pass Through Certificates, Series 2004-7 ("U.S. Bank") filed in California Superior Court. Order Sustaining U.S. Bank's Demurrer to Plaintiff's Second Amended Complaint Without Leave to Amend, *Rosenblum v. Mortgage Electronic Registration Systems, Inc.*, CIV 463382 (Cal. Super. Ct. May 23, 2014) ("*Rosenblum I*") attached as Exhibit 12 to RJN [Dkt. No. 12-1]. The trial court judge found that: Ms. Rosenblum failed to allege that the deed of trust was invalid when it was recorded or that it had been paid in full or was subject to reconveyance; the lis pendens recorded by Ms. Rosenblum was extinguished prior to recordation of U.S. Bank's encumbrance; and the Bankruptcy Judgment had already decided these issues of ownership and lien priority. *Id.* at 2. The trial court separately dismissed Ms. Rosenblum's complaint with prejudice as to U.S. Bank and MERS, leading to two

---

[7] Defendants also argue that even if res judicata did not bar Mr. Rosenblum's complaint, the complaint fails as a matter of law because all claims rely on Ms. Rosenblum's claim that she owns the Subject Property free and clear of defendant U.S. Bank, as Trustee's lien. MTD at 6.

7

1    separate judgments, one to U.S. Bank and the other to MERS.[8]  Exhibits 13 and 14 attached to

2    RJN [Dkt. No. 12-1].

3       The fourth ruling comes from *Rosenblum II*, where the state appellate court affirmed the

4    judgment concerning U.S. Bank in *Rosenblum I* and found that the trial court did not err in

5    concluding that the deed of trust encumbered the 50 percent of the property Ms. Rosenblum

6    purchased from Hatfield's bankruptcy trustee.  *Rosenblum II* at 6-7.  It also rejected Ms.

7    Rosenblum's challenge to U.S. Bank's ownership of the deed of trust.  *Id.* at 7-8.

8       The fifth ruling is from *Rosenblum III*, in which Ms. Rosenblum argued that MERS should

9    not have been dismissed in *Rosenblum I* because (1) MERS's failure to produce admissible

10   evidence of its authority to assign the deed of trust and underlying note made the assignment

11   subject to dispute and (2) that the separate judgment against MERS in an in rem quiet title action

12   violated the one final judgment rule.  *Rosenblum III* at 5-6.  The appellate court reasoned that its

13   holding in *Rosenblum II* necessarily foreclosed Ms. Rosenblum's first argument.  *Id.* at 9.  With

14   regards to Ms. Rosenblum's second argument that the trial court's opinion violated the one final

15   judgment rule, the appellate court held that she was wrong on the merits and that the trial court

16   correctly sustained the demurrer because Ms. Rosenblum failed to establish through her pleadings

17   a necessary element of her claim.  *Id.* at 9-10.

18      Ms. Rosenblum's motions for rehearing of *Rosenblum II* and *III* were both denied.

19   Exhibits 16 and 18 attached to RJN [Dkt. No. 12-1].  Her petition for review to the California

20   Supreme Court was also denied; in issuing the remittitur, the clerk of court wrote that the opinion

21   in *Rosenblum II* had become final.  Exhibit 17 attached to RJN [Dkt. No. 12-1].

22   **II.   RES JUDICATA**

23      The doctrine of res judicata, or claim preclusion, "provides that a final judgment on the

24   merits bars further claims by parties or their privies based on the same cause of action." *Tahoe-*

25   *Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)

26   (internal citations and quotation marks omitted).  "Res judicata is applicable whenever there is (1)

---

[8] This led to two separate appellate court rulings, one for each judgment, in *Rosenblum II* and *Rosenblum III*.

8

an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Id.* (internal citations and quotation marks omitted). The doctrine extends to "any claims that were raised or could have been raised in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis omitted).

When determining whether a judgment by a California court has res judicata effect, the federal Full Faith and Credit Act, 28 U.S.C. § 1738, requires a California federal court to apply the res judicata law of California to that judgment. *See San Remo Hotel, L.P. v. City & Cnty. of San Francisco*, 545 U.S. 323, 336 (2005) (finding that the Full Faith and Credit Act "has long been understood to encompass the doctrines of res judicata, or 'claim preclusion,' and collateral estoppel, or 'issue preclusion'"); *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) (holding that the Full Faith and Credit Act "requires federal courts to apply the res judicata rules of a particular state to judgments issued by courts of that state"). The application of res judicata under California law focuses on the same three factors as the federal res judicata doctrine: "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010) (internal quotation marks and citations omitted). Each factor is considered below.

### A. Identity of the Claims

To determine whether two proceedings involve identical causes of action, California courts have "consistently applied the primary rights theory." *Slater v. Blackwood*, 15 Cal. 3d 791, 795 (1975). Under this theory, "the violation of a single primary right gives rise to but a single cause of action." *San Diego Police Officers' Ass'n v. San Diego City Emp.'s Retirement Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) (internal citations and quotation marks omitted). In other words, "if two actions involve the same injury to the plaintiff and the same wrong by the defendant[,] then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983). "What is critical to the [primary rights]

9

analysis is the harm suffered; that the same facts are involved in both suits is not conclusive." *San Diego Police Officers' Ass'n*, 568 F.3d at 734 (internal citations and quotation marks omitted).

Federal courts apply a slightly different analysis and must determine (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). "The last of these criteria is the most important." *Id.* at 1202. The Ninth Circuit has found that satisfaction of the fourth factor alone is sufficient to establish an identity of claims. *See Int'l Union of Operating Eng'rs-Employers Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) (citing cases finding res judicata bars successive claims based only on analysis of the fourth factor).

This requirement is satisfied here, under both the California and federal tests; Mr. Rosenblum brings the same argument that Ms. Rosenblum did in *Rosenblum II*.[9] As the appellate court there articulated:

> Plaintiff's argument is as follows. The bankruptcy court held the lis pendens was effective in the *Marvin* action. Section 405.24 provides, in relevant part, "[t]he rights and interest of the claimant in the property, as ultimately determined in the pending noticed action, shall relate back to the date of the recording of the notice [of lis pendens]." Plaintiff was awarded 100 percent of the Property in the *Marvin* action final judgment. Therefore, she concludes, her 100 percent interest in the Property relates back to 2002 before the Deed of Trust was executed.

*Rosenblum II* at 6. Mr. Rosenblum's FAC states: "The Deed of Trust and Trustee's Deed are out of the chain of the title held by Frank Rosenblum because neither he nor Jennifer Rosenblum was a grantor of the Deed of Trust, and it and the Trustee's Deed were each recoded after 20 June

---

[9] Mr. Rosenblum also argues that since MERS's assignment of the deed of trust to CSFB stated that was being recorded to "correct" the assignee from the March 29, 2010 assignment, it is void on its face because an assignment of an interest in real property cannot be corrected by recording a new assignment. *Id.* at ¶¶ 29-30. Instead, Mr. Rosenblum argues that the assignee must assign the assigned interest back to its assignor, who must then execute and, in the case of an assignment of an interest in real property, record the new assignment. *Id.* This precise argument was rejected by the appellate court in both *Rosenblum II* and *Rosenblum III*. *Rosenblum II* at 7-8; *Rosenblum III* at 8-9.

2002, the date to which plaintiff's title 'relate[s] back,' as provided by Cal. Code Civ. Proc § 405.24." FAC at ¶ 42. There is a clear identity of claims.

### B. Final Judgment on the Merits

"In California, a judgment entered after the sustaining of a general demurrer is a judgment on the merits, and, to the extent that it adjudicates that the facts alleged do not establish a cause of action, it will bar a second cause of action on the same facts." *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993). In federal as well as California courts, "dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action." *Boeken*, 48 Cal.4th at 793; *see also Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) ("Final judgment on the merits is synonymous with dismissal with prejudice") (internal quotation marks and brackets omitted).

Ms. Rosenblum's claims were dismissed with prejudice in *Rosenblum I*, the dismissal was upheld in *Rosenblum II* and *III*, and the California Supreme Court denied Ms. Rosenblum's petition for review and stated that the opinion in *Rosenblum II* was now final. There is no question that there is a final judgment on the merits.

Mr. Rosenblum argues that these decisions were interlocutory because the quiet title statute requires that there to be only one judgment and that *Rosenblum I* ended with separate judgments as to U.S. Bank and MERS. Opposition at 3-5 [Dkt. No. 20]. As such, he contends that the separate judgments do not constitute a final judgment on the merits and that the state appellate court lacked jurisdiction to hear the appeals (which Ms. Rosenblum herself filed). *Id*. This argument is wholly without merit and the state appellate court rejected it in *Rosenblum III*. To the extent that this argument represents a collateral attack on the judgments in *Rosenblum I* and the opinions of the state court of appeals in *Rosenblum II* and *III*, I am prohibited from hearing these de facto appeals of state court decisions under the *Rooker-Feldman* doctrine. *See Noel v. Hall*, 241, F.3d 1148, 1163-1164 (9th Cir. 2003). The only place *Rosenblum II* and *III* may be challenged is at the California Supreme Court, and that court has already rejected Ms. Rosenblum's petition for review.

### C. Privity Between the Parties

To determine privity, California "courts examine the practicalities of the situation and attempt to determine whether plaintiffs are sufficiently close to the original case to afford application of the principle of preclusion." *Armstrong v. Armstrong*, 15 Cal. 3d 942, 951 (1976) (internal citations and quotation marks omitted). In federal and California courts, privity exists when the party involved is "so identified in interest with another that he represents the same legal right." *Zaragosa v. Craven*, 33 Cal. 2d 315, 318 (1949) (internal citations and quotation marks omitted); *see also Tahoe-Sierra*, 322 F.3d at 1081 (stating that privity between parties exists when parties in both actions are identical or substantially identical, "that is, when there is sufficient commonality of interest") (internal citations and quotation marks omitted).

Mr. Rosenblum stated that Ms. Rosenblum conveyed her interest in the Subject Property by grant deed to both of them on August 29, 2012. FAC at ¶ 32. Under both federal and state law, this is sufficient to find that there is privity between Mr. and Ms. Rosenblum in this action for the purposes of res judicata. *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (a "non-party who has succeeded to a party's interest in property is bound by any prior judgment against the party") (internal citation omitted); *Bernhard v. Bank of Am. Nat. Tr. & Sav. Ass'n*, 122 P.2d 892, 894 (1942) ("A privy is one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase.").

Because all three elements necessary for res judicata are satisfied, the doctrine applies. Mr. Rosenblum is precluded from asserting these claims against defendants. There is no need to consider defendants' other arguments for dismissal. Their motion to dismiss is granted.

//
//
//
//
//
//

**CONCLUSION**

Including appeals and requests for rehearing, this is the sixth or seventh time plaintiff or his wife have tried to escape the effects of Hatfield's encumbrance on the Subject Property. No amendment could avoid the res judicata effect of the prior proceedings. Plaintiff's claims are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: March 7, 2019

William H. Orrick
United States District Judge