UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ROSENBLUM,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CSFB MORTGAGE BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-7, et al.,<br><br>    Defendants. | Case No. 18-cv-06725-WHO<br><br>**ORDER DENYING MOTION TO ALTER AND AMEND JUDGMENT**<br><br>Re: Dkt. No. 26 |

On March 7, 2019, I dismissed with prejudice plaintiff Frank Rosenblum's claims to quiet title and cancel a deed of trust and a trustee's deed related to a residential property in Woodside, California because of res judicata and entered judgment accordingly. [Dkt. Nos. 24, 25]. Mr. Rosenblum now seeks to amend the judgment to dismiss the amended complaint without prejudice. Memorandum in Support of Motion to Alter and Amend Judgment [Rule 59(e)] ("Mot.") [Dkt. No. 26-1]. He argues that dismissal should have been without prejudice because I found that the *Rooker-Feldman* doctrine barred his claims and, as a result, lacked subject-matter jurisdiction. *Id.* This argument is wholly without merit and his motion is denied.

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). The court's discretion to grant a Rule 59(e) motion is not limited to these situations. *Id.* Although he does not state it in his motion, it appears that Mr. Rosenblum believes

that there was a manifest error of law or fact that requires correction and that he is proceeding on the first ground above.

"Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *TahoeSierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal citations and quotation marks omitted). In my Order Granting Motion to Dismiss ("Order") [Dkt. No. 24], I took judicial notice of several past state court judicial decisions and one federal bankruptcy court decision and explained that because all three prongs of the test for res judicata were met, Mr. Rosenblum's claims were barred and dismissed the amended complaint with prejudice. Order at 8-12. Those judicial decisions that I refer to were the result of actions brought by Mr. Rosenblum's wife, Jennifer Mae Rosenblum. They are: Order Sustaining U.S. Bank's Demurrer to Plaintiff's Second Amended Complaint Without Leave to Amend, *Rosenblum v. Mortgage Electronic Registration Systems, Inc.*, CIV 463382 (Cal. Super. Ct. May 23, 2014) ("*Rosenblum I*"); *Rosenblum v. U.S. Bank, Nat'l Ass'n*, No. A143027, 2016 WL 1293999, at *1 (Cal. Ct. App. Apr. 1, 2016), as modified on denial of reh'g (Apr. 26, 2016) ("*Rosenblum II*"); *Rosenblum v. Mortg. Elec. Registration Sys., Inc.*, No. A146526, 2016 WL 5404370, at *1 (Cal. Ct. App. Sept. 28, 2016) ("*Rosenblum III*"); the denial of Ms. Rosenblum's motions for rehearing of *Rosenblum II* and *III*; and the order denying Ms. Rosenblum's petition for review to the California Supreme Court. Order at 7-8.

In the Order, I found that there was an identity of claims because the arguments in the Amended Complaint were identical to those in *Rosenblum II*. Order at 9-11. There was a final judgment on the merits because the California Supreme Court denied Ms. Rosenblum's petition for review and stated that the opinion in *Rosenblum II* was now final. *Id.* at 11. There was privity between Mr. and Ms. Rosenblum because Ms. Rosenblum conveyed her interest in the subject property by grant deed to both of them. *Id.* at 12. Each prong of res judicata test had been met.

In discussing the second prong of the test, I found that a counterargument raised by Mr. Rosenblum in his opposition to the motion to dismiss was without merit and had also been rejected by the state appellate court. Order at 11. Mr. Rosenblum contended, despite the

2

California Supreme Court's statement that its denial of Ms. Rosenblum's petition for review of *Rosenblum II* and *III* was final, that somehow these orders were in fact interlocutory. *Id.* I explained that this argument had been rejected in *Rosenblum III* and that to the extent that it represented a collateral attack on the judgments in *Rosenblum I* and the opinions of the state court of appeals in *Rosenblum II* and *III*, I was prohibited from hearing these de facto appeals of state court decisions under the *Rooker-Feldman* doctrine. *Id.*

According to Mr. Rosenblum, my explanation for why his counterargument was without merit renders the entirety of his case subject to the *Rooker-Feldman* doctrine and requires this case to be dismissed without prejudice. Mot. at 2-6. His argument is as follows: (i) at the outset of any case, courts must determine if there is subject-matter jurisdiction; (ii) dismissal pursuant to the *Rooker-Feldman* doctrine is a form of dismissal for lack of subject-matter jurisdiction; (iii) when a case is dismissed for lack of subject-matter jurisdiction, dismissal must be without prejudice; and (iv) when a court lacks subject-matter jurisdiction, it has no authority to make any rulings beyond determining that it lacks jurisdiction. *Id.* Therefore, Mr. Rosenblum argues that if *Rooker-Feldman* is in anyway implicated, I am divested of subject-matter jurisdiction over this case, the res judicata analysis lacks force as a matter of law, and his case must be dismissed without prejudice. *Id.*

This is silly. The *Rooker-Feldman* doctrine applies when a plaintiff brings a suit that is a de facto appeal of a state court decision. *See Noel v. Hall*, 241, F.3d 1148, 1163-1164 (9th Cir. 2003). It does not "override or supplant issue and claim preclusion doctrines." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613-14 (9th Cir. 2007) (*citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "The doctrine applies when the federal plaintiff's claim arises from the state court judgment, not simply when a party fails to obtain relief in state court." *Id.* (*citing Noel*, 341 F.3d at 1164-65). "Preclusion, not Rooker-Feldman, applies when a federal plaintiff complains of an injury that was not caused by the state court, but which the state court has previously failed to rectify." *Id.* (*citing Noel*, 341 F.3d at 1165).

As the Ninth Circuit explained:

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous

3

> decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction. If there is simultaneously pending federal and state court litigation between the two parties dealing with the same or related issues, the federal district court in some circumstances may abstain or stay proceedings; or if there has been state court litigation that has already gone to judgment, the federal suit may be claim-[or issue-] precluded under [28 U.S.C.] § 1738. But in neither of these circumstances does *Rooker-Feldman* bar jurisdiction.

*Noel*, 341 F.3d at 1164.

This case presents the latter circumstance. The state court proceedings have already gone to judgment; res judicata applies. Mr. Rosenblum's amended complaint does not claim that *Rosenblum I*, *II*, or *III*, were in error and should be reversed. The amended complaint restated the same arguments made before the state courts. It is not a de facto appeal of any of the previous state court decisions because the amended complaint does not seek relief from an allegedly erroneous decision by a state court. Rather, it is an attempt to try the same arguments in a different forum. It is precluded by res judicata (also known as claim preclusion). Mr. Rosenblum's cited authority does not state otherwise.[1]

In his reply, Mr. Rosenblum cites *Ezor v. State Bar of California*, No. 3:17-cv-05338-WHO, 2018 WL 489035, at *6 (N.D. Cal. Jan. 19, 2018) in support of his argument. Reply at 1. Because *Ezor* is instructive and contradicts Mr. Rosenblum's argument, I review it in some detail.

---

[1] In *Kougasian v. TMSL, Inc.*, the court held that the *Rooker-Feldman* doctrine did not apply because the plaintiffs' claims were based on allegations of extrinsic fraud, not legal error by state court. 359 F.3d 1136, 1139 (9th Cir. 2004). *Kelly v. Fleetwood Enterprises, Inc.*, simply stands for the uncontroversial position that when a court determines that it lacks subject matter jurisdiction, dismissal must be without prejudice. 377 F.3d 1034 (9th Cir. 2004). In *Kelly*, there was no subject matter jurisdiction because the amount in controversy was not met. *Id.* The other cases to which Mr. Rosenblum cites are inapplicable because they fall squarely under the *Rooker-Feldman* doctrine. Mot at 5 (*citing Chaudhary v. Gupta*, 749 F. App'x 614 (9th Cir. 2019) (dismissal under *Rooker-Feldman* doctrine because plaintiff sought review of a prior state court judgment); *Edwards v. Martinez*, 713 F. App'x 636 (9th Cir. 2018) (same); *In Re Matthews*, 713 F. App'x 590 (9th Cir. 2018) (same); *Benson v. Energy Sols., Inc.*, 669 F. App'x 905, 906 (9th Cir. 2016) (same); *White v. Dobrescu*, 651 F. App'x 701, 702 (9th Cir. 2016) (same); *Henrichs*, 474 F.3d at, 614 (same)); Reply Memorandum in Support of Motion to Alter and Amend Judgment ("Reply") [Dkt. No. 29] (*citing Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006) (plaintiff sought review of state court decision). This case does not.

In *Ezor*, the plaintiff had been disbarred by the State Bar of California after the State Bar's Client Security Fund Commission found that he had misappropriated funds from client trust accounts and granted the applicants' requests for reimbursement. 2018 WL 489035, at *1. Rather than filing a petition for writ of mandamus in California Superior Court to seek judicial review of either of those decisions, Ezor filed a complaint in federal district court claiming that the decisions should be declared null and void because the Commission's actions violated his right to due process. *Id.* I held that *Rooker-Feldman* applied and that I lacked jurisdiction to grant him the relief he sought, but even if *Rooker-Feldman* did not apply, his complaint failed to state a claim and was barred by res judicata and Eleventh Amendment immunity. *Id.* at *5-9. In the order, I cited *Bates v. Jones*, where the Hon. Betty Fletcher posited that "in many cases" the difference between the *Rooker-Feldman* doctrine and traditional principles of res judicata is "a purely formal one." *Id.* at *6 (*citing* 131 F.3d 843, 862 (9th Cir. 1997) (Fletcher, J., concurring in part and dissenting in part)). The Ninth Circuit affirmed my order in *Ezor*, finding "Ezor's due process claim as barred by the doctrine of res judicata because Ezor's claim was raised, or could have been raised, in an administrative proceeding between the same parties that resulted in a final judgment on the merits." *Ezor v. State Bar of California*, 754 F. App'x 613, 614 (9th Cir. 2019).

In short, my brief response to Mr. Rosenblum's meritless counterargument that it was barred by the *Rooker-Feldman* doctrine did not somehow divest this court of subject-matter jurisdiction.[2] Mr. Rosenblum's motion to amend or alter the judgment is denied.

**IT IS SO ORDERED.**

Dated: May 24, 2019

William H. Orrick
United States District Judge

---

[2] Under the facts alleged in the complaint, diversity jurisdiction exists because Mr. Rosenblum is a citizen of California, defendants are citizens of Minnesota and New York, and the amount in controversy exceeds $2,000,000. Amended Complaint at ¶¶ 1-5 [Dkt. No. 8].

5